UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:26-cv-02047-CAS-DSRx | Date | April 23, 2026 |
|---|---|---|---|
| Title | George Mkitarian v. Nationstar Mortgage LLC et al. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) - NATIONSTAR MORTGAGE LLC D/B/A
RUSHMORE SERVICING'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT (Dkt. 8, filed on March 5, 2026)

## I.    INTRODUCTION

The Court finds that this matter may be appropriately decided without oral
argument. Fed. R. Civ. P. 78; L.R. 7-15.

On January 13, 2026, plaintiff George Mkitarian filed this action against defendant
Nationstar Mortgage LLC d/b/a Rushmore Loan Management Services, LLC
("Rushmore") in the Los Angeles County Superior Court. Plaintiff's complaint asserts
three causes of action: (1) violations of the Homeowner Bill of Rights ("HBOR"), Cal.
Civ. Code § 2923.6 and § 2924.18; (2) wrongful foreclosure; and (3) unfair competition
in violation of Cal. Bus. & Prof. Code § 17200 (the "UCL"). Dkt. 1-1 ("Compl.").

On February 26, 2026, defendant removed plaintiff's action to this Court on the
basis of diversity jurisdiction. Dkt. 1.

On March 5, 2026, defendant filed the instant motion to dismiss plaintiff's
complaint. Dkt. 15 ("Mot."). On April 13, 2026, plaintiff filed an opposition. Dkt. 12
("Opp."). On April 20, 2026, defendant filed a reply. Dkt. 13 ("Reply").

Having carefully considered the parties' arguments and submissions, the Court
finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                **'O'**

| Case No. | 2:26-cv-02047-CAS-DSRx | Date | April 23, 2026 |
|---|---|---|---|
| Title | George Mkitarian v. Nationstar Mortgage LLC et al. | | |

## II.    BACKGROUND

Plaintiff alleges the following in the complaint.

Plaintiff George Mkitarian is an individual.  Compl. ¶ 1.

Defendant Nationstar Mortgage LLC d/b/a Rushmore Loan Management Services, LLC does business in Los Angeles, California.  Id. ¶ 3.

The real property at issue in this action is located at 202 4th Ave, Venice, CA 90291 (the "Subject Property").  Id. ¶ 2.

Plaintiff, at all times relevant, owned the Subject Property, a single-family-home and that has also served as plaintiff's primary residence.  Id. ¶ 12.

Plaintiff purchased the Subject Property in 1988, in his individual capacity.  Id. ¶ 13.

Around June 2006, plaintiff obtained a loan against the Subject Property for $870,000 (the "Loan") from Mortgageit Inc.  Id. ¶ 14.

On August 26, 2020, the Loan was assigned to PRL Title Trust I.  Id. ¶ 15.

Around the same time, Plaintiff fell behind on mortgage payments because several of his tenants fell behind on their rental payments during the pandemic.  Id. ¶ 16.

As a result, a Notice of Default was recorded against the Subject Property on April 28, 2022.  Id. ¶ 17.

Despite this hardship, plaintiff attempted to catch up on his arrears by paying $48,000 towards the Loan in 2022.  Thereafter, Plaintiff made payments on the Loan each month.  Id. ¶ 18.

From 2022 to 2025, plaintiff submitted multiple loan modification applications to defendant.  Each time, defendant would tell plaintiff that the application was incomplete even though plaintiff had previously submitted all requested documents.  Id. ¶ 19.

Plaintiff never received a decision on the merits of his loan modification applications throughout this time.  Id. ¶ 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:26-cv-02047-CAS-DSRx | Date | April 23, 2026 |
|----------|------------------------|------|----------------|
| Title | George Mkitarian v. Nationstar Mortgage LLC et al. | | |

On December 18, 2024, plaintiff received a mortgage statement from defendant stating that a payment of $3,997.67 would be due on January 1, 2025. "Plaintiff's records show that a payment of $3,997.67 was tendered on January 10, 2025, and February 12, 2025." Id. ¶ 21.

Despite plaintiff's previous good faith payment of $48,000 and his consistent monthly payments, defendant recorded a Notice of Trustee's Sale on March 12, 2025. The sale was initially scheduled for April 8, 2025. The sale was thereafter postponed several times to November 18, 2025. Id. ¶ 22.

Throughout this period, Plaintiff attempted to both sell the home and apply for a modification to the Loan in an attempt to recoup the equity he had built in the Subject Property. Id. ¶ 23.

In late October 2025, Plaintiff hired Legal Stop Sale to submit a Loan modification on his behalf. Id. ¶ 24.

Plaintiff's agent at Legal Stop Sale submitted a complete Loan modification on his behalf on or around November 3, 2025. Id. ¶ 25.

The Subject Property was also listed for sale on or around November 16, 2025, and plaintiff's listing agent wrote to defendant to request a 30-day postponement to allow her to sell the Subject Property. Id. ¶ 26.

On November 12, 2025, plaintiff received a call telling him that his Loan modification application was rejected due to the fact that there was insufficient supporting documentation. Plaintiff asked if he could still submit the supporting documentation but was told that the Loan servicer would not have enough time to review the documents prior to the sale. Id. ¶ 27.

Feeling as though he was out of other options, plaintiff filed for bankruptcy on November 18, 2025, which postponed the sale to December 2, 2025. During this time, Plaintiff submitted the additional documentation requested by defendant. Id. ¶ 28.

Nevertheless, on December 2, 2025, the foreclosure sale was conducted, and the home reverted to the lender. Id. ¶ 29.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-02047-CAS-DSRx | Date | April 23, 2026 |
|----------|------------------------|------|----------------|
| Title | George Mkitarian v. Nationstar Mortgage LLC et al. | | |

Plaintiff was shocked because he had not received any written decision on his Loan modification application and was under the impression that his application was still under review by defendant.  Id. ¶ 30.

## III.  LEGAL STANDARD

### A.    Rule 12(b)(7)

Federal Rule of Civil Procedure 12(b)(7) permits a Court to dismiss an action for failure to join a party whose presence is needed for just adjudication under Federal Rule of Civil Procedure 19.  "Rule 19 of the Federal Rules of Civil Procedure sets forth considerations to guide a district court's determination whether a particular party should be joined in a suit if possible, referred to as a 'necessary party,' and, if so, whether, if the party cannot be joined, the suit should be dismissed because the absent party is 'indispensable.'"  Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 878 (9th Cir. 2004) (citations omitted).

The Ninth Circuit has held that a party may be "necessary" pursuant to Rule 19 in either of two ways.  Las Vegas Events, 375 F.3d at 879.  First, under Rule 19(a)(1), a party is necessary if complete relief cannot be granted in its absence.  Id.  "In conducting the Rule 19(a)(1) analysis, the court asks whether the absence of the party would preclude the district court from fashioning meaningful relief as between the parties."  Id. Alternatively, a party is necessary pursuant to Rule 19(a)(2), if the district court determines that "the absent party's participation is necessary to protect its legally cognizable interests or to protect other parties from a substantial risk of incurring multiple or inconsistent obligations because of those interests."  Id. at 880.  Such a legally cognizable interest must be more than a financial stake in the outcome of the litigation. Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir.1990).  Finally, the moving party bears the burden of proving that joinder is necessary.  Id.  Once the court determines that a party should be joined, the court must determine whether joinder is feasible.  Fed. R. Civ. P. 19(a)-(b).

If a necessary party cannot be joined, the court must consider the following factors in deciding whether to dismiss the action because the party is indispensable: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               **'O'**

| Case No. | 2:26-cv-02047-CAS-DSRx | Date | April 23, 2026 |
|----------|------------------------|------|----------------|
| Title    | George Mkitarian v. Nationstar Mortgage LLC et al. | | |

measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. Fed. R. Civ. P. 19(b).

However, none of the aforementioned factors is dispositive. Instead, in the context of a particular case, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. ENC Corp., 464 F.3d 885, 891 (9th Cir. 2006).

### B.    Rule 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-02047-CAS-DSRx | Date | April 23, 2026 |
|---|---|---|---|
| Title | George Mkitarian v. Nationstar Mortgage LLC et al. | | |

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.    DISCUSSION

### A.    Rule 12(b)(7) Motion

Defendant moves to dismiss plaintiff's complaint on the basis that plaintiff has failed to join indispensable party Diane Mkitarian, who defendant states is a co-borrower on plaintiff's Loan. Mot. at 3, 1 (citing dkt. 9, Ex. 1, Deed of Trust recorded in the Los Angeles County Recorder's Office on June 26, 2006). Defendant argues that "[t]he absence of [Diane] Mkitarian from this lawsuit exposes [defendant] to a substantial risk of incurring double or otherwise inconsistent obligations. If not joined in this action, [Diane] Mkitarian could initiate her own lawsuit, asserting the identical claims brought by Plaintiff. … The Court should prevent such a result and order [that] [Diane] Mkitarian to be joined to this action or [that] the Complaint be dismissed under Rule 12(b)(7)." Id. at 4.

In response, plaintiff states that Diane Mkitarian has not been included as a party to this action because she died on October 15, 2025. Opp. at 4. Plaintiff requests leave to

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:26-cv-02047-CAS-DSRx | Date | April 23, 2026 |
|---|---|---|---|
| Title | George Mkitarian v. Nationstar Mortgage LLC et al. | | |

amend the caption of the complaint to state, "GEORGE MKITARIAN, as an individual and on behalf of the Estate of Diane Mkitarian."  Id.

The Court finds that Diane Mkitarian is a not necessary party in this action under Rule 19.  Although she appears to be a co-borrower on plaintiff's Loan, she also appears to have owned and encumbered the Subject Property with plaintiff as joint tenants.  Dkt. 9, Ex. 1 ("Deed of Trust") at 1.  Thus, upon her death on October 15, 2025, "[her] share in the property d[id] not pass through will or the rules of intestate succession; rather, the remaining tenant [that is, plaintiff] … automatically inherit[ed] it."  United States v. Craft, 535 U.S. 274, 280 (2002) (citation omitted); Pearce v. Briggs, 68 Cal. App. 5th 466, 475 (2021) ("The deceased joint tenant's interest in the property held in joint tenancy vests automatically in the surviving joint tenant by operation of law.").  Because plaintiff inherited the entirety of his wife's interests in the Subject Property upon her death, his wife's participation in this action is unnecessary to adequately protect her interests in the Subject Property that form the basis for all claims this action.  While "[d]istrict courts in California have reasoned that co-borrowers [on mortgages] … are necessary parties in foreclosure cases" because "the action will affect both [co-borrowers'] interests in the [mortgage] and [p]roperty," see Marquez v. Ocwen Loan Servicing, LLC, No. CV152783PSGVBKX, 2015 WL 12697082, at *3 (C.D. Cal. June 15, 2015) (citing cases), this case is distinguishable because the absent party here—Diane Mkitarian—possesses no interest in the Subject Property, for reasons discussed.  Accordingly, Diane Mkitarian is not a necessary party under Rule 19.[1]

Accordingly, the Court **DENIES** defendant's Rule 12(b)(7) motion to dismiss the complaint.

**B.     Rule 12(b)(6)**

Defendant moves pursuant to Rule 12(b)(6) to dismiss each of plaintiff's claims.

---

[1] The Court notes that plaintiff does not object to joining the Estate of Diane Mkitarian as a co-plaintiff and seeks leave to amend the complaint to do so.  Opp. at 4.  While the Court finds that joining Diane Mkitarian or her estate is not required under Rule 19, plaintiff may amend the complaint if he so chooses.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:26-cv-02047-CAS-DSRx | Date | April 23, 2026 |
|---|---|---|---|
| Title | George Mkitarian v. Nationstar Mortgage LLC et al. | | |

1.    <u>HBOR Claims</u>

Defendant argues that plaintiff's claims under California's Homeowner Bill of Rights, Cal. Civ. Code § 2923.6 and § 2924.18, are without merit.

California Civil Code § 2923.6(c) provides:

If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer at least five business days before a scheduled foreclosure sale, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:

(1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.

(2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.

(3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

Cal. Civ. Code § 2923.6(c).

Cal. Civ. Code § 2923.6(h) provides: "For purposes of this section, an application shall be deemed 'complete' when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." Cal. Civ. Code § 2923.6(h).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-02047-CAS-DSRx | Date | April 23, 2026 |
|----------|------------------------|------|----------------|
| Title | George Mkitarian v. Nationstar Mortgage LLC et al. | | |

Section 2924.18, which applies to entities that foreclosed on fewer than 175 residential real properties in the last annual reporting period,[2] contains similar provisions:

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer at least five business days before a scheduled foreclosure sale, a mortgage servicer, trustee, mortgagee, beneficiary, or authorized agent shall not record a notice of default, notice of sale, or conduct a trustee's sale while the complete first lien loan modification application is pending, and until the borrower has been provided with a written determination by the mortgage servicer regarding that borrower's eligibility for the requested loan modification.

Cal. Civ. Code, § 2924.18(a)(1).

Defendant argues that argues that plaintiff's claims for violation of Cal. Civ. Code § 2923.6 and § 2924.18 fail because "Plaintiff does not allege facts demonstrating he had a complete loan modification application pending as of December 2, 2025 (the date of the rescheduled foreclosure sale)." Mot. at 6. Defendant further argues that "even if Plaintiff alleged facts demonstrating he had a complete loan modification application pending at the time of the December 2, 2025 foreclosure sale, he does not allege it was pending at least five business days prior, as required to state a claim under section 2924.18." Id. at 7. Moreover, defendant argues that plaintiff fails to state a claim under Cal. Civ. Code § 2923.6 and § 2924.18 because plaintiff fails to allege that defendant engaged in a "material violation" of the provisions, which is required under Cal. Civ. Code § 2924.12 and § 2924.19, respectively. Mot. at 7.

In opposition, plaintiff argues that his claims under Cal. Civ. Code § 2923.6 and § 2924.18 are adequate because plaintiff has alleged that he supplied defendant with "all documents required by the mortgage servicer." Opp. at 5 (quoting Cal. Civ. Code § 2923.6(h)). Plaintiff argues that this is so because the complaint alleges that "Plaintiff's agent at Legal Stop Sale submitted a complete loan modification on his behalf on or around November 3, 2025," and that "servicers can (and often do) request additional supporting documents even after a facially complete application is submitted." Id. at 5. Plaintiff states that "even if his initial application submitted on or around November 3,

---

[2] See Cal. Civ. Code, § 2924.18(b)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　'O'

| Case No. | 2:26-cv-02047-CAS-DSRx | Date | April 23, 2026 |
|---|---|---|---|
| Title | George Mkitarian v. Nationstar Mortgage LLC et al. | | |

2025, was incomplete, the submission of the additional documents requested by Defendant between November 18, 2025, to December 2, 2025, are sufficient to allege that a complete loan modification application was pending at the time of the sale." Id. at 6 (citing Valbuena v. Ocwen Loan Servicing, LLC, 237 Cal.App.4th 1267, 1275 (2015)). Plaintiff states that he "concedes that he neglected to state that date in which all documents were submitted prior to the December 2, 2025, sale, such that it may be unclear that all required documents were submitted more than 5 days prior to the scheduled sale of the Property"; "Plaintiff thus requests leave to amend to include this information." Id. at 6.

In reply, defendant argues that "[p]laintiff … cannot plausibly allege he had submitted a complete loan modification application as of December 2, 2025," given that plaintiff alleges that his "November 3, 2025 application had been rejected and submitting 'additional documents' does not revive the rejected application." Reply at 2.

Plaintiff does not allege that he submitted a complete application for a first lien loan modification at least five business days before the scheduled foreclosure sale of the Subject Property on December 2, 2025. See compl. ¶¶ 28-29. Accordingly, plaintiff does not state a claim for a violation of either Cal. Civ. Code § 2923.6 or § 2924.18.

The Court **GRANTS** defendant's motion to dismiss plaintiff's claims under Cal. Civ. Code § 2923.6 and § 2924.18, with leave to amend.

　　　　2.　　Wrongful Foreclosure

Defendant argues that plaintiff's wrongful foreclosure claim fails because plaintiff does not allege an illegal, fraudulent, or willfully oppressive sale; and because plaintiff does not allege that he tendered or is willing and able to tender the full loan proceeds. Mot. at 8-9.

In response, plaintiff "concedes that Defendant is correct regarding the post-foreclosure tender requirement for Plaintiff's Wrongful Foreclosure claim." Opp. at 7.

In reply, defendant argues that plaintiff's wrongful foreclosure claim should be dismissed without leave to amend.

Although plaintiff has not requested leave to amend his wrongful foreclosure claim, "the absence of a formal motion for leave to amend does not preclude the district

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-02047-CAS-DSRx | Date | April 23, 2026 |
| Title | George Mkitarian v. Nationstar Mortgage LLC et al. | | |

court from granting it." United States v. $11,500.00 in U.S. Currency, 710 F.3d 1006, 1013 (9th Cir. 2013). See also Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995) ("In dismissing for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (quotation omitted). At this stage, the Court finds it appropriate to dismiss the claim with leave to amend.

Accordingly, the Court **GRANTS** defendant's motion to dismiss plaintiff's wrongful foreclosure claim, with leave to amend.

### 3. Unfair Competition Law

Defendant argues that plaintiff's claim under the "unlawful" prong of the UCL claim fails because he fails to state any predicate violation of another law. Mot. at 10. Moreover, defendant argues that plaintiff's claim under the "unfair" or "fraudulent" prongs of the UCL because plaintiff fails to allege "a violation of an underlying constitutional, statutory or regulatory provision or [that] [defendant's] conduct threatens an incipient violation of an antitrust law," and does not allege "facts [that] the public would likely be deceived by [defendant's] conduct. Moreover, defendant argues that plaintiff lacks standing to assert a UCL claim because he "cannot allege he lost any money or property as a result of [defendant's] actions. To the extent he claims he lost the property as a result of [defendant's] actions, the foreclosure sale is the contractual consequence of his default in 2020, not Nationstar's foreclosure. … And to the extent Plaintiff contends he lost money in the form of equity in the property, he did not, given the multiple junior liens and judgment creditors." Id. at 11-12.

In opposition, plaintiff argues that "[b]ecause Plaintiff's antecedent claims [under California law] remain valid, Plaintiff's claims under the UCL's unlawful prong" are adequate. Opp. at 8. Moreover, plaintiff argues that "Plaintiff has alleged an injury-in-fact that resulted from Defendant's unlawful behavior. Plaintiff lost possession of his property and primary residence and is now facing the threat of eviction. Plaintiff has thus alleged sufficient causation between Defendant's actions and his injuries to maintain standing under UCL." Id.

"'The UCL prohibits, and provides civil remedies for, unfair competition,' which it defines as 'any unlawful, unfair or fraudulent business act or practice.' … As unfair competition includes 'unlawful' business practices, the UCL 'permits violations of other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-02047-CAS-DSRx | Date | April 23, 2026 |
|----------|------------------------|------|----------------|
| Title | George Mkitarian v. Nationstar Mortgage LLC et al. | | |

laws to be treated as unfair competition that is independently actionable.'" Cody v. SoulCycle Inc., No. CV156457GHKJEMX, 2016 WL 4771392, at *10 (C.D. Cal. Jan. 11, 2016) (citations omitted). However, "a claim under the UCL need not be based upon violation of another law as 'a practice may be deemed unfair even if not specifically proscribed by some other law.'" Blennis v. Hewlett-Packard Co., No. C 07-00333 JF, 2008 WL 818526, at *6 (N.D. Cal. Mar. 25, 2008) (citation omitted).

Plaintiff alleges that he made good faith payments towards his Loan and attempted to modify the Loan to recoup the equity he had built in the Subject Propoerty before it was foreclosed. See compl. ¶¶ 18-25. Plaintiff alleges that despite his good faith efforts, defendant rejected his complete loan modification applications on numerous occasions. Id. ¶¶ 19, 27. Plaintiff alleges that defendant's conduct was unlawful, unfair, and fraudulent, and caused plaintiff to lose his home and suffer other injuries. Id. ¶¶ 53, 55-56. The Court finds that plaintiff adequately states a claim under the unfair and fraudulent prongs of the UCL because he alleges that defendant's conduct was unethical and likely to deceive members of the public. See Busalacchi v. Arizona Pub. Serv. Co., No. 12-CV-00298-H-RBB, 2012 WL 3069948, at *5 (S.D. Cal. July 27, 2012) ("Unfair behavior is that which is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'") (citation omitted); Schnall v. Hertz Corp., 78 Cal.App.4th 1144, 1167 (2000) (internal citations and quotation marks omitted) ("In order to state a cause of action under the fraud prong of the UCL a plaintiff need not show that he or others were actually deceived or confused by the conduct or business practice in question. Instead, it is only necessary to show that members of the public are likely to be deceived.").

Accordingly, the Court **DENIES** defendant's motion to dismiss plaintiff's UCL claim.

### C.     Plaintiff's Request for Leave to Amend

In his opposition, plaintiff requests leave to amend to bring additional claims under Cal. Civ. Code § 2923.7. Opp. at 8-10. Cal. Civ. Code § 2923.7(a) provides that: "When a borrower requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." Here, plaintiff argues that "Defendant never appointed Plaintiff a single point of contact and, as such, Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-02047-CAS-DSRx | Date | April 23, 2026 |
|---|---|---|---|
| Title | George Mkitarian v. Nationstar Mortgage LLC et al. | | |

was never provided a means to contact his single point of contact" in violation of Cal. Civ. Code § 2923.7.  Opp. at 9-10.

In reply, defendant argues that plaintiff's request for leave to amend should be denied because plaintiff's proposed claim would be futile.  Reply at 4.  Defendant argues that "Section 2923.7(e) defines a [single point of contact] as 'an individual or ***team of personnel*** each of whom has the ability and authority to perform the responsibilities described in subdivisions (b) to (d), inclusive.'  Cal. Civ. Code, § 2923.7(e) (emphasis added)."  <u>Id.</u>  Defendant argues that "Plaintiff admits he spoke with Nationstar but conveniently omits he spoke with a representative [via email] from [Nationstar's] [single point of contact] team" that complies with section 2923.7.  <u>Id.</u>  Moreover, defendant argues that even if plaintiff alleges that defendant violated section 2923.7's single point of contact requirement, plaintiff cannot plausibly allege that such a violation was "material" and therefore actionable.  <u>Id.</u>

"[A]an opposition brief is not the appropriate vehicle for seeking leave to amend a complaint to add claims beyond those challenged in the motion to dismiss." <u>Shenzhen Tech. Co. LTD v. Altec Lansing, LLC</u>, No. 3:12-CV-2188-GPC-BGS, 2013 WL 6145553, at *7 (S.D. Cal. Nov. 21, 2013).  Nonetheless, in the interests of judicial economy, the Court finds it appropriate to grant plaintiff leave to add a new claim under Cal. Civ. Code § 2923.  The Court finds that plaintiff's proposed claim under Cal. Civ. Code § 2923.7 is not futile to the extent that it alleges that "Defendant never appointed Plaintiff a single point of contact," which is required under Cal. Civ. Code § 2923.7(a). Opp. at 9-10.  <u>See</u> <u>Sweaney v. Ada Cnty., Idaho</u>, 119 F.3d 1385, 1393 (9th Cir. 1997) ("[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.").  At this stage, the Court does not decide whether plaintiff's proposed claim under Cal. Civ. Code § 2923 would survive a subsequent motion to dismiss.

## V.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's Rule 12(b)(7) motion to dismiss the complaint.

The Court **GRANTS** defendant's motion to dismiss plaintiff's claims under Cal. Civ. Code § 2923.6 and § 2924.18, with leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                              **'O'**

| Case No. | 2:26-cv-02047-CAS-DSRx | Date | April 23, 2026 |
|---|---|---|---|
| Title | George Mkitarian v. Nationstar Mortgage LLC et al. | | |

The Court **GRANTS** defendant's motion to dismiss plaintiff's wrongful foreclosure claim, with leave to amend.

The Court **DENIES** defendant's motion to dismiss plaintiff's UCL claim.

The Court **GRANTS** plaintiff's request for leave to add a claim under Cal. Civ. Code § 2923.

Plaintiff shall file an amended complaint within fourteen (14) days of the date of this order.

The Court **VACATES** the hearing scheduled for May 4, 2026.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |